UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DEXTER RODNEY, :
       Petitioner : No. 4:CV-09-0986
:
  vs. : (Petition Filed 5/26/09)
:
: (Judge Muir)
CRAIG LOWE, et al., :
:
       Respondents :

**MEMORANDUM AND ORDER**

April 30, 2010

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), currently confined in the Clinton County Correctional Facility, McElhattan, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Rodney challenges his continued detention by ICE. Because petitioner's continued detention is constitutionally permissible, the petition will be denied.

**I. Background**

Petitioner, a native and citizen of Guyana, entered the United States on or about February 27, 1996, as a lawful permanent resident alien. (Doc. 8, Ex. 2, Notice to Appear).

On February 11, 2004, following a jury trial, petitioner was convicted in the United States District Court for the

Southern District of New York of bank fraud (Count 1) and theft of government property (Count 2). (Doc. 8, Ex. 5, United States v. Rodney, 1:03-cr-0819-SWK-1, Judgment in Criminal Case).

On May 14, 2004 petitioner was sentenced to a five (5) month term of imprisonment on each count of the Indictment and a three (3) year term of supervised release which required Petitioner to serve a five (5) month term of home confinement as one of the conditions of supervised release. Id.

On March 21, 2005, the United States Court of Appeals for the Second Circuit affirmed petitioner's conviction, but remanded the case pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), because the district court "treated the federal Sentencing Guidelines as mandatory. (Doc. 8, United States v. Rodney, 124 Fed.Appx. 67, 68 (2d Cir. 2005).

On April 14, 2005, petitioner's probation officer notified the district court that petitioner had violated the terms of his supervised release. (Doc. 8, Ex. 4, United States v. Rodney, 1:03-cr-0819-SWK-1, docket sheet at pp. 6-7).

On August 15, 2005, Rodney was resentenced in accordance with the remand from the Second Circuit. Id. at p. 10. In addition to his sentence, petitioner was found guilty of

violating the terms of his supervised release and was sentenced to an additional year of supervised release, in addition to the term he was currently serving. Id. Rodney's term of supervised release was, therefore determined to expire on July 8, 2008, instead of July 8, 2007. Id.

On November 9, 2006, petitioner was sentenced to an eight month term of imprisonment for again violating the terms of his supervised release. Id. at p. 12. Petitioner surrendered on November 13, 2006, id., and his sentence expired on July 12, 2007.

In a Notice to Appear dated July 12, 2007, petitioner was charged with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(M)(i)[1], at any time after admission. (Doc. 8, Ex. 2, Notice to Appear). The Notice to Appear was based on petitioner's 2004 bank fraud conviction Id. That same day, Department of Homeland Security (DHS) took

---

[1] An aggravated felony is defined, in pertinent part, in 8 U.S.C. § 1101(a)(43)(M)(i) as "an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000."

Rodney into custody, pending a final determination of his case by the immigration judge. (Id.).

By Order dated November 6, 2007, an Immigration Judge found petitioner removable as charged. (Doc. 8, Ex. 6, Oral Decision of Immigration Judge). On November 26, 2007, Petitioner filed a timely appeal to the Board of Immigration Appeals ("BIA"). (Doc. 1, petition).

On March 6, 2008, finding that Rodney established a claim of ineffective assistance of counsel, in counsel's failure to challenge Rodney's removability based on the aggravated felony listed in the Notice to Appear, the BIA vacated the Immigration Judge's November 6, 2007 decision and remanded the action to the Immigration Judge for further proceedings. (Doc. 8, Ex. 7, BIA Decision).

On April 11, 2008, the Immigration Judge held that the DHS failed to establish the charge of removability by clear and convincing evidence in that it failed to establish a loss in excess of $10,000. (Doc. 8, Ex. 8, Ruling on Aggravated Felony and Order of Immigration Judge). As a result, the Immigration Judge dismissed the aggravated felony ground of removal, and terminated the removal proceedings. Id.

On May 6, 2008, the government filed an appeal to the BIA. (Doc. 1, petition).

On July 24, 2008, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 with this Court. See Rodney v. Mukasey, No. 4:CV-08-1386 (M.D. Pa.). Rodney challenged his continued detention by DHS while his immigration proceedings were still pending. Id. By Memorandum and Order dated February 20, 2009, the petition for writ of habeas corpus was dismissed as premature because Rodney's ninety-day removal period had not yet commenced under 8 U.S.C. 1231(a)[2]. Id.

On July 28, 2008, the BIA sustained the government's appeal and found that the DHS had established the charge of removability by clear and convincing evidence. (Doc. 8, Ex. 9, BIA Decision). The BIA then remanded the matter back to the Immigration Judge for further proceedings in accordance with the BIA's decision, and entry of a new decision. Id.

On September 8, 2008, petitioner's case was scheduled to be heard by the Immigration Court for the first time since

---

[2]On March 4, 2009, petitioner filed an appeal of this Court's decision to the United States Court of Appeals for the Third Circuit, which was dismissed on July 16, 2009. See Rodney v. Atty. Gen. USA, No. 09-1660 (3d Cir. 2009).

remand from the BIA. (Doc. 8, Ex. 10, Declaration of Susan B. Sheehan, Associate General Counsel for the U.S. Dept. of Justice, Executive Office for Immigration Review ("EOIR"), at ¶ 4). However, because petitioner's attorney failed to appear, the matter was adjourned until September 16, 2008. Id.

On September 16, 2008, petitioner's case was again adjourned to October 7, 2008, to allow his attorney to file a Form I-589 Application of Withholding of Removal (8 U.S.C. § 1231(b)(3)(4)(A)) and relief under Article III of the United Nations Convention Against Torture (8 C.F.R. § 1208.16, et seq.)(CAT). Id. at ¶ 3.

On October 7, 2008, petitioner's attorney requested and obtained an adjournment of two additional weeks to file petitioner's Form I-589. Id. at ¶ 6.

On October 28, 2008, the Immigration Court conducted a hearing on petitioner's applications for Withholding of Removal and Relief pursuant to CAT. (Doc. 8, Ex. 12 IJ Decision (on Remand); Ex. 13, IJ Order). The Immigration Judge denied petitioner's applications and ordered petitioner removed. Id.

On November 28, 2008, petitioner filed an appeal to the BIA, which was dismissed on March 12, 2009, resulting in an

administratively final order of removal. (Doc. 8, Ex. 14, BIA Decision).

On April 13, 2009, Rodney petitioned the Third Circuit Court of Appeals for judicial review of his removal proceedings. (Doc. 8, Ex. 1, Rodney v. Mukasey, No. 09-2043, General Docket, Third Circuit Court of Appeals).

On May 1, 2009, the Third Circuit ordered a stay of petitioner's removal. Id.

On April 30, 2009, the government filed a motion to dismiss the case for lack of jurisdiction. Id.

On June 23, 2009, the government's motion to dismiss was referred to the merits panel for review, where it remains pending. Id.

On June 17, 2009, ICE officials conducted a Post Order Custody Review ("POCR"), and issued a Decision to Continue Detention. (Doc. 8, Ex. 15, Decision to Continue Detention-Stay). In support of the decision to continue petitioner's detention, ICE Field Office Director, Thomas Decker, informed petitioner that due to his history of criminal convictions and arrests:

> [I]t appears that you would present a threat to society if you were released and it is not clearly evident that you would appear for removal as required. Additionally, ICE is in possession of a valid travel document for your removal from the United States. ...
>
> A stay of removal has been granted in your case. If your stay has not been lifted within one year, you will be scheduled for a Post-Order Custody Review (POCR) and served with a Notice to Alien of File Custody Review. If your stay is lifted within one year, a new 90-day removal period will begin on the date that the stay is lifted. If you are not removed within that 90-day period, a Post-Order Custody [R]eview will be conducted at the completion of the new removal period.

Id.

## II. Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. §1231. Under §1231(a), the Attorney General has 90 days to remove an alien from the United States after his order of removal, during which time detention is mandatory. Section 1231(a)(1)(B) specifically provides:

> The removal period begins to run on the latest of then following:
>
> (i) The date the order of removal becomes administratively final.

> (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

At the conclusion of the removal period, if the alien remains in the United States, his post-removal-period detention may be continued only as long as "reasonably necessary" to effectuate his removal from the United States. <u>Zadvydas v. Davis</u>, 533 U.S. 678, 689 121 S.Ct. 2491, 2498 (2001).

Because Rodney's removal has been stayed by the Court of Appeals for the Third Circuit while the Court reviews his challenge to removal, petitioner is not entitled to relief from this Court. Pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii) his removal period has yet to commence. <u>See</u> <u>Vasquez v. ICE</u>, 160 Fed. Appx. 199, 201 (3d Cir.2005)(per curiam)(nonprecedential)(finding that when a stay of removal is pending, the removal period has not yet begun); <u>see also</u> <u>Casas-Castrillon v. Department of Homeland Security</u>, 535 F.3d 942 (9th Cir.2008)(holding that when a circuit court has granted

9

a stay of removal, "the removal period under § 1231(a) does not begin until [the circuit court] denies the petition and removes the stay of removal."). As section 1231(a)(1)(B)(ii) provides that the removal period begins to run from the date of the court's final order, if the removal order "is judicially reviewed and the court orders a stay of the removal of the alien," petitioner's removal period will commence when the Court of Appeals for the Third Circuit decides his petition for review (and assuming it is denied). Accordingly, Petitioner's challenge to his detention under Zadvydas[3] is premature.

---

[3] In Zadvydas v. Davis, 533 U.S. 678 (2001), the United States Supreme Court addressed the issue of whether §1231(a)(6) authorizes the Attorney General to detain a removable alien indefinitely beyond the 90 day removal period or only for a period reasonably necessary to effectuate the alien's deportation. Reasoning that the indefinite detention of aliens "would raise serious constitutional concerns," the Court concluded that the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." Id. at 2498. The Court asserted that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 2503. In this case as stated above, the removal period has not yet commenced to run because there is no final order of removal in light of the stay issued by the Court of Appeals for the Third Circuit.

Nor can Rodney mount a due-process challenge to his continued detention pending a decision from the Court of Appeals for the Third Circuit. In <u>Oyedeji v. Ashcroft</u>, 332 F.Supp.2d 747 (M.D.Pa.2004)(Vanaskie, J.), the court recognized such a claim, reasoning that the "price for securing a stay of removal should not be contin[ued] incarceration," and ruling that the Due Process Clause of the Fifth Amendment requires that a criminal alien be afforded an opportunity to be heard in circumstances like Rodney's. <u>Id</u>. at 753-754. However, such a claim would fail here as the record reveals that ICE's June 17, 2009, decision afforded him an individualized determination on his request for release pending the execution of his final order of removal. As noted, ICE determined that Rodney was a threat to society and that ICE was currently in the possession of a valid travel document to effect his removal should his stay be lifted. Based on these facts, the court is satisfied that petitioner was provided with due process. Therefore, his detention is constitutionally permissible. Accordingly, the petition for writ of habeas corpus will be denied.

An appropriate Order accompanies this Memorandum Opinion.

<pre>
                              s/Malcolm Muir                
                              MUIR
                              United States District Judge
</pre>

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

```
DEXTER RODNEY,                :
         Petitioner            :   No. 4:CV-09-0986
                               :
    vs.                        :   (Petition Filed 5/26/09)
                               :
                               :   (Judge Muir)
CRAIG LOWE, et al.,            :
                               :
         Respondents           :
```

## ORDER

April 30, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

                                      s/Malcolm Muir
                                      MUIR
                                      United States District Judge